FOX, IMES & CROSBY LLC
Jason A. Imes. Esq. (NSBN 7030)
601 South 10th Street, Suite 202
Las Vegas, Nevada 89101
info@FICLegal.com

*General Counsel for Lenard E. Schwartzer, Chapter 7 Trustee*

McDONALD CARANO LLP
Ryan J. Works, Esq. (NSBN 9224)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com

*Attorney for EITE Recovery, LLC, Paul Lagudi an William Todd Ponder*

GREENBERG TRAURIG, LLP
Mark E. Ferrario, Esq. (NSBN 1625)
Jason Hicks, Esq. (NSBN 13149)
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
ferrariom@gtlaw.com
jason.hicks@gtlaw.com

*Attorneys for Get Fresh Sales, Inc.*

HOLLEY DRIGGS
F. Thomas Edwards, Esq. (NSBN 9549)
Stacey Rubin, Esq. (NSBN 9298)
R. McKay Holley (NSBN 15934)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
tedwards@nevadafirm.com
srubin@nevadafirm.com
mholley@nevadafirm.com

*Attorneys for Paul Lagudi and William Todd Ponder*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>FRESH MIX LLC,<br><br>Debtor. | Case No.: 20-12051-gs<br>Chapter 7<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT PURSUANT TO FRBP 9019**<br><br>**Date of Hearing: OST Requested**<br>**Time of Hearing: OST Requested** |

Pursuant to Bankruptcy Rule 9019,[1] Get Fresh Sales, Inc. ("GFSI") as petitioning creditor and party-in-interest in the above-captioned Chapter 7 case of Fresh Mix LLC ("Fresh Mix"), Lenard E. Schwartzer in his capacity as the Chapter 7 bankruptcy trustee ("Trustee"), creditor EITE Recovery, LLC ("EITE"), and interested parties Paul Lagudi ("Lagudi") and William Todd Ponder ("Ponder") submit this joint motion ("Motion") requesting entry of an order approving the settlement

[1] All references to "Chapter" and "Section" hereinafter are to title 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); all references to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada.

agreement ("Settlement Agreement") entered into by the parties ("Parties") and authorizing the Parties to take any and all actions necessary to effectuate the terms of the Settlement Agreement including dismissal of this bankruptcy case.

This Motion is made and based on the following memorandum of points and authorities, the pleadings, papers, and other records on file with the Court, judicial notice of which is hereby requested, the Declarations of Scott Goldberg and Trustee Lenard E. Schwartzer, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION, VENUE, AND BASIS FOR RELIEF

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The basis for the relief sought herein arises from Bankruptcy Rules 1017 and 9019 and 11 U.S.C. § 1112.

3. Pursuant to Local Rule 9014.2, the Parties consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

4. The Parties request that the Court make it explicit in any dismissal order that the order approving settlement remains enforceable and in effect.

### II. RELEVANT FACTS

1. The Parties' ownership of membership interests in Fresh Mix is as follows: Lagudi (30%), Ponder (10%) and GFSI (60%). Dominic Caldara ("Caldara"), Scott Goldberg ("Goldberg") and John Wise ("Wise") are the shareholders of GFSI.

2. On December 3, 2018, Lagudi and Ponder filed a complaint in the Eighth Judicial District Court, Clark County, Nevada, under Case No. A-18-785391-B against GFSI and Fresh Mix (the "First State Court Action").

3. On February 1, 2019, the District Court stayed the First State Court Action and compelled the parties to arbitration.

4. On February 13, 2019, GFSI and Fresh Mix filed a Demand for Arbitration; Statement of Claims against Lagudi and Ponder with the American Arbitration Association ("AAA") under Case No. 01-19-0000-4904 ("Arbitration").

5. On September 19, 2019, with leave of the District Court, Lagudi and Ponder filed an Amended Complaint in the First State Court Action, asserting claims individually and derivatively on behalf of Fresh Mix against GFSI, Get Fresh Kitchen, LLC, Caldara, Goldberg, and Wise.

6. On April 23, 2020, GFSI filed an involuntary petition for bankruptcy relief against Fresh Mix in the United States Bankruptcy Court for the District of Nevada under Case No. 20-12051-GS ("Bankruptcy").

7. On April 24, 2020, GFSI filed a Notice of Bankruptcy in the First State Court Action, which stayed all proceedings in the First State Court Action.

8. On August 11, 2020, an Order for Relief granting the involuntary was entered against Fresh Mix in the Bankruptcy.

9. On March 15, 2022, LC Marketing assigned Proof of Claim 7-1 to EITE. After a trial on the merits for GFSI's objection to Proof of Claim 7-1, the Bankruptcy Court ruled against EITE. EITE filed an appeal currently pending before the U.S. District Court, District of Nevada under Case No. 2:23-CV-00507-JAD ("EITE Appeal").

10. The deadline for filing proof of claims has passed and the only timely filed non-insider claims were filed by the Internal Revenue Service ("IRS") and Gerety & Associates ("G&A"). The G&A claim has been fully satisfied outside of the bankruptcy and the IRS is not owed any money, as set forth in the Declaration of Scott Goldberg ("Goldberg Decl.").[2] All other potential claim holders are parties to the Settlement Agreement and waive their creditor claim(s) and consent to the dismissal of the bankruptcy case.

---

[2] *See Declaration of Scott Goldberg in Support of Joint Motion to Approve Settlement Agreement Pursuant to FRBP 9019*. Should the IRS believe that Fresh Mix has an outstanding tax liability, then it will be resolved outside of the Bankruptcy. *Id*.

11. On September 7, 2022, Lagudi and Ponder filed another complaint in the Eighth Judicial District Court, Clark County, Nevada, under Case No. A-22-858033-B against GFSI (the "Second State Court Action"). On May 8, 2023, the District Court stayed the Second State Court Action. The First State Court Action and the Second State Court Action are collectively referred to as the "State Court Actions."

12. On September 5, 2023, GFSI filed an Adversary Complaint against Lagudi, Ponder, and Lenard E. Schwartzer, in his capacity as Chapter 7 Trustee for the Estate of Fresh Mix LLC in the United States Bankruptcy Court for the District of Nevada under Case No. 23-01126-gs ("Adversary Action").

13. GFSI has filed an additional series of appeals related to the Bankruptcy that are currently pending in United States District Court, District of Nevada (the "Turnover Appeals"), including USDC Case Nos. 23-01712, 23-01717, 23-01873, 23-01876, and 23-01879. These Turnover Appeals will also be dismissed pursuant to the Settlement Agreement.

14. On November 16, 2023, the Bankruptcy Court issued an order to show cause, Order to Show Cause Re Dismissal, at ECF No. 1118, why the Bankruptcy should not be dismissed.

15. The claims by and between the Parties gave rise to the State Court Actions, Arbitration, Bankruptcy, EITE Appeal, Turnover Appeals and Adversary Action (collectively, "Disputes").

16. After five years of litigation on multiple fronts, the Parties desire to settle and resolve the Disputes and Claims (as defined below) and all related actual or potential claims by and between the Parties in connection with the Disputes and Claims, rather than incur additional costs and attorneys' fees pursuant to the material terms and provisions of the Settlement Agreement set forth below.

## III. RELEVANT MATERIAL TERMS OF SETTLEMENT[3]

1. As partial consideration for settlement of the Disputes and Claims, Caldara, Goldberg, Wise, and GFSI agree, jointly and severally, to pay Lagudi and Ponder the sum of Twenty-Five Million and 00/100 Dollars ($25,000,000.00) (the "Settlement Consideration") within ten (10) days following the entry of an order approving this Motion under Bankruptcy Rule 9019, requiring dismissal of the Bankruptcy, or the last in time of the other dismissals (identified in paragraphs 2-5, below) signed and entered by the respective tribunal.

2. Within five (5) business days of the dismissal of the Bankruptcy, the Parties shall file a Stipulated Dismissal of the State Court Actions, including all appeals to the Nevada Supreme Court, with prejudice.

3. Within five (5) business days of the dismissal of the Bankruptcy, the Parties shall file a Stipulated Dismissal of the Arbitration, with prejudice.

4. Within five (5) business days of the dismissal of the Bankruptcy, the Parties shall file a Stipulated Dismissal of the Adversary Action, with prejudice.

5. Within five (5) business days of the dismissal of the Bankruptcy, EITE shall file a dismissal of the EITE Appeal, with prejudice.

6. Within five (5) business days of the dismissal of the Bankruptcy, GFSI shall file a dismissal of the Turnover Actions, with prejudice.

7. GFSI agreed to sell, assign, transfer, grant, bargain, convey, remise, release, forever quitclaim, and deliver to Fresh Mix all of GFSI's right, title and interest in and to Fresh Mix, including, without limitation, its entire membership interest and all equity in Fresh Mix (the "GFSI Interest"), free and clear of all liens, claims, and rights of any other persons as of the effective date of the Settlement Agreement. Lagudi and Ponder are now the 100% owners of Fresh Mix.

8. Mutual Releases:

---

[3] Only certain material terms relevant to the Court's consideration are listed here. All other terms, including material ones, are more fully set forth in the integrated Settlement Agreement.

a. *State Court Actions, Arbitration, EITE Appeal, and Adversary Action*. Except as otherwise set forth in the Settlement Agreement, each Party to the State Court Actions, Arbitration, EITE Appeal, and Adversary Action as applicable (as a "Releasing Party") releases, relinquishes, and discharges the other Party, including their affiliates, shareholders, officers, directors, members, managers, employees and related parties (as a "Released Party") from any and all claims, demands, actions, causes of action, losses, costs, expenses, damages, liabilities, liens or obligations of any character, in law or equity, contract or tort, whether known or unknown, fixed or contingent, accrued or not yet accrued, matured or not yet matured, vested or not yet vested (collectively, "Claims"), which the Releasing Party has against the Released Party to the extent such Claims directly relate to, arise out of, or are any way connected with the State Court Actions, Arbitration, EITE Appeal, and Adversary Action (as applicable) and any of the allegations that have been or could be asserted in the State Court Actions, Arbitration, EITE Appeal, and Adversary Action (as applicable).

b. *Bankruptcy*. Except as otherwise set forth in the Settlement Agreement, each Party to the Bankruptcy (as a "Releasing Party") releases, relinquishes, and discharges the other Party to the Bankruptcy (as a "Released Party") from any and all claims, demands, actions, causes of action, losses, costs, expenses, damages, liabilities, liens or obligations of any character, in law or equity, contract or tort, whether known or unknown, fixed or contingent, accrued or not yet accrued, matured or not yet matured, vested or not yet vested (collectively, "Claims"), which the Releasing Party has against the Released Party to the extent such Claims directly relate to, arise out of, or are any way connected with the Bankruptcy and any of the allegations that have been or could be asserted in the Bankruptcy. Lagudi and Ponder agree that they will be solely responsible for payment of all outstanding administrative expenses,

including the Trustee's attorney's fees, and a reasonable fee for the Trustee in the amount of $100,000.00 in the Bankruptcy and this obligation shall survive dismissal of the Bankruptcy. The Parties consent to the dismissal of the Bankruptcy and they each shall cooperate in signing any document required to effectuate the dismissal of the Bankruptcy. The GFSI Parties shall not be responsible for any such attorney's fees or administrative expenses to the Trustee. To the extent the Bankruptcy Court requires any written agreement, then to the extent possible, the Parties agree to enter into a separate written agreement containing only the terms relevant to accomplishing the dismissal of the Bankruptcy.

c. Fresh Mix specifically retains all rights against third parties that are not a party to the Settlement Agreement and are not otherwise covered by the terms of the Settlement Agreement.

9. Payment of Trustee's and General Counsel's Fees As Part of the Dismissal Order:[4]

The only outstanding amounts potentially owed to any party by this bankruptcy estate are the fees and costs claimed by Trustee's General Counsel (Schwartzer & McPherson Law Firm, Schwartzer & Imes Law Firm PC, and Fox, Imes & Crosby, LLC). The Parties, including all the members of Fresh Mix, consent to the Trustee utilizing the funds in his possession for this estate to pay the administrative fees and costs incurred by his general counsel during the pendency of the bankruptcy; further, the parties agree that the Court should approve General Counsel's prior approved applications for compensation (ECF Nos. 202, 431, 851, 963 and 1036) on a final basis, and the pending application of Fox, Imes & Crosby, LLC, for compensation currently set for hearing on January 11, 2024 (ECF No. 1129), on a final basis, and that any unpaid amounts may be immediately paid by the Trustee from the estate funds to the extent available:

---

[4] *See Declaration of Lenard E. Schwartzer in Support of Joint Motion to Approve Settlement Agreement Pursuant to FRBP 9019*, filed concurrently herewith.

| Firm | Fees | Costs | Total | Approval Order |
|---|---|---|---|---|
| Schwartzer & McPherson (1st Interim) | 29,875.50 | 1,473.64 | 31,349.14 | ECF 202 |
| Schwartzer & McPherson (2nd Interim) | 187,456.50 | 8,396.20 | 195,852.70 | ECF 431 |
| Schwartzer & Imes Law Firm (1st Interim) | 79,090.00 | 1,620.99 | 80,710.99 | ECF 851 |
| Schwartzer & McPherson (3rd Interim) | 100,914.50 | 5,031.20 | 105,945.70 *(*unpaid)* | ECF 863 |
| Schwartzer & Imes Law Firm (1st Interim) | 45,730.00 | 290.71 | 46,020.71 *(*unpaid)* | ECF 1036 |
| Fox, Imes & Crosby (1st Interim to Nov. 8, 2023) | 104,375.00 | 1,807.59 | 106,182.59 *(*unpaid)* | Pending |

10. The settlement agreement contemplates that the Trustee's Fees and Trustee's General Counsel fees will be paid whether or not this Court considers the approval motion or elects to simply dismiss the bankruptcy case. Should the Court elect to dismiss the Bankruptcy case without considering approval of the Settlement Agreement, then the parties request that the Court approve the Trustee's Fees and Trustee's General Counsel fees as part of the dismissal order. All other Disputes will be dismissed or rendered moot by dismissal of the Bankruptcy.

## IV. <u>LEGAL ARGUMENT</u>

### *A. Legal Standard*

The approval of compromises or settlements in bankruptcy proceedings is generally governed by Bankruptcy Rule 9019(a), which provides the following:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Bankruptcy Rule 9019(a).

The United States Supreme Court has expressed that a bankruptcy settlement must be fair and equitable. *See Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). The Ninth Circuit Court of Appeals has stated that in order to determine whether a proposed settlement is fair and equitable, the bankruptcy court must consider four factors: "(a) [t]he probability of success in the litigation; (b) the difficulties, if any, to be

encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *See In re Open Med. Inst., Inc.*, 639 B.R. 169, 180 (B.A.P. 9th Cir. 2022) (quoting *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986)). "Each factor need not be treated in a vacuum; rather, the factors should be considered as a whole to determine whether the settlement compares favorably with the expected rewards of litigation." *In re Open Med. Inst., Inc.*, 639 B.R. at 180 (citation omitted). Indeed, a trustee is not required to satisfy each of the factors as long as the factors as a whole favor approving the settlement. *See In re Pacific Gas and Electric Co.*, 304 B.R. 395, 416 (Bankr. N.D. Cal. 2004). Further, the settlement does not have to be the best the trustee could have possibly obtained; rather, the settlement must only fall "within the reasonable range of litigation possibilities." *In re Adelphia Comm. Corp.,* 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citation omitted).

When assessing the compromise, the bankruptcy court "need not rule upon disputed facts and questions of law, but rather only canvass the issues. A mini trial on the merits is not required." *In re Ene*, No. BAP NC-23-1042-SGB, 2023 WL 8190879, at *5 (B.A.P. 9th Cir. Nov. 27, 2023) (quoting *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 423 (9th Cir. BAP 1997)). "[C]ompromises are favored in bankruptcy; therefore, the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in his or her sound discretion." *See In re Stein*, 236 B.R. 34, 37 (Bankr. D. Or. 1999); *see also In re A & C Properties*, 784 F.2d at 1381 (the law prefers compromise "as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise."). "There is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion—and the bankruptcy court will not be reversed if the appellate court concludes that the settlement lies within that range." *In re Adelphia Comm. Corp.,* 327 B.R. at 159 (citing *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). Public policy supports compromises because litigation "can occupy a court's docket for years on end, depleting resources of the parties and the taxpayers while rendering meaningful relief elusive." *In re Grau*, 267 B.R. 896, 899 (Bankr. S.D. Fla. 2001) (quoting *Matter*

*of Munford, Inc.,* 97 F.3d 449, 455 (11th Cir. 1996)).

### ***B. The Settlement Agreement Should Be Approved Pursuant to Bankruptcy Rule 9019.***

For the reasons set forth below, the *A & C Properties* factors support a finding that the Settlement Agreement is fair and reasonable and in the best interest of the Fresh Mix Estate. Accordingly, this Court should grant this Motion and approve the Settlement Agreement.

*1. The probability of success in the litigation*

The "litigation" under the *A&C Properties* test is complicated and does not fit nicely within the calculus set forth therein. Throughout this Bankruptcy case there have been matters that each of the Parties believe they have a good faith basis in pursuing, as well as a probability of success. Each of the Parties to this Settlement Agreement believes that they would prevail if litigation continued, but there is no guarantee of success, and to what end with respect to the continued exorbitant spend of litigation fees and expenses. The Settlement Agreement will provide Fresh Mix, GFSI and the individual members and managers (and the other Parties to the Settlement Agreement) with finality, after many years of litigation, while greatly reducing the costs and risk associated with continued litigation.

*2. The difficulties, if any, to be encountered in the matter of collection*

Again, given the extraordinary circumstances, this question is difficult to answer amidst the various Disputes pending, the fact that there are no creditors of this estate other than administrative expenses, and that the Disputes have boiled down to a dispute amongst the members and managers of the Debtor Fresh Mix. The Trustee does not anticipate any difficulty in the matter of collection under the proposed resolution and dismissal of this Bankruptcy Case, as the Settlement Consideration is available and will be paid within ten (10) days of approval of this Motion or the last of all dismissals defined in paragraphs 2-5 set forth above and the administrative expenses – Trustee's Fees and Trustee's General Counsel Fees will be paid in accordance therewith.

*3. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it*

As the Court is aware, this Bankruptcy has been pending since April 23, 2020 (over three-and-a-half years) and involves extraordinarily complex issues that the Parties have spent significant time and money litigating. The Settlement Agreement avoids further proceedings in this Bankruptcy case, provides for a complete dismissal of this Chapter 7 Bankruptcy, and avoids further additional litigation fees and costs in the other related Disputes, which are also highly complex. This Settlement Agreement resolves one of the Court's most significantly litigated, expensive and inconveniently time-consuming matters from the Court's docket.

*4. The paramount interest of the creditors and a proper deference to their reasonable views in the premises*

There are only administrative expense creditors remaining. If the Court grants this Motion, there will be no more creditors. To the extent there are any creditors, each and every one of the creditors are all parties to the Settlement Agreement and submit that their interests are paramount, supported by the Court approving the Settlement Agreement, and this Court should grant deference to their interests by approving the instant Motion.

## V. CONCLUSION

Based on the foregoing, GFSI, Debtor, Trustee, EITE, Lagudi, and Ponder respectfully request that the Court enter the order granting the *Joint Motion To Approve Settlement Agreement Pursuant To FRBP 9019*, and enter an order dismissing this Chapter 7 Bankruptcy in its entirety,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

as well as entering an order approving the Trustee's Fees and the Trustee's General Counsel Fees on a final basis.

Dated this 3rdth day of January, 2024.

FOX, IMES & CROSBY LLC

*/s/ Jason A. Imes*
Jason A. Imes. Esq. (NSBN 7030)
601 South 10th Street, Suite 202
Las Vegas, Nevada 89101
info@FICLegal.com

*General Counsel for Lenard E. Schwartzer, Chapter 7 Trustee*

GREENBERG TRAURIG, LLP

*/s/ Jason Hicks*
Mark E. Ferrario, Esq. (NSBN 1625)
Jason Hicks, Esq. (NSBN 13149)
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
ferrariom@gtlaw.com
jason.hicks@gtlaw.com

*Attorneys for Get Fresh Sales, Inc.*

McDONALD CARANO LLP

*/s/ Ryan J. Works*
Ryan J. Works, Esq. (NSBN 9224)
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
rworks@mcdonaldcarano.com

*Attorneys for EITE Recovery, LLC, Paul Lagudi and William Todd Ponder*

HOLLEY DRIGGS

*/s/ McKay Holley*
F. Thomas Edwards, Esq. (NSBN 9549)
Stacey Rubin, Esq. (NSBN 9298)
R. McKay Holley (NSBN 15934)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
tedwards@nevadafirm.com
srubin@nevadafirm.com
mholley@nevadafirm.com

*Attorneys for Paul Lagudi and William Todd Ponder*