Steven K. Eisenberg, Esquire (Pro Hac Vice)
Stern & Eisenberg, PC
1581 Main Street, Suite 200
Warrington, Pennsylvania 18976
Telephone: (215) 572-8111
Facsimile: (215) 572-5539
E-Mail: seisenberg@sterneisenberg.com
*Counsel for Frest Mix LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>FRESH MIX LLC,<br><br>Debtor(s). | Case No. BK-S-20-12051-GS<br><br>Chapter 7<br>**MOTION AUTHORIZING THE CHAPTER 7 TRUSTEE TO TURNOVER FRESH MIX LEGAL RECORDS SURRENDERED BY PISANELLI BICE, PLLC, COHEN DOWD QUIGLEY, PC and BRUCE A. LESLIE, CHTD. TO FRESH MIX LLC PURSUANT TO DISMISSAL OF CHAPTER 7 PROCEEDING FOR ABUSE OF PROCESS.**<br><br>Hearing Date: April 4, 2024<br>Hearing Time: 1:30 p.m.<br>(Zoom Video) |

Fresh Mix, LLC ("Fresh Mix"), former putative debtor, in the above-referenced bankruptcy case, by and through its counsel, Steven K. Eisenberg, Esquire of Stern & Eisenberg, PC, requests entry of an Order granting Fresh Mix LLC's *Motion Authorizing The Chapter 7 Trustee to Turnover Fresh Mix Legal Records Surrendered By Pisanelli Bice, PLLC, Cohen Dowd Quigley, PC and Bruce A. Leslie, Chtd, to Fresh Mix LLC Pursuant to Dismissal of Chapter 7 Proceeding for Abuse of Process* and in support thereof avers as follows:

This Motion is supported by the *Declaration of Paul Lagudi, Manager and Majority Member of Fresh Mix LLC* (the "Lagudi Declaration") attached as **Exhibit "1"** to this Motion together with the content, points and authorities contained in this motion presented to the Court, together with any other items that may be presented at the time of the hearing, including anything presented in opposition to this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS / PROCEDURAL HISTORY

### A. Turnover Orders Regarding Fresh Mix's Legal Records

1. On September 18, 2023, on the eve of granting the Trustee's Motions for Turnover of legal records owned by Fresh Mix pursuant to State Law, the Court made clear that it would issue protective orders making sure that Fresh Mix's legal records delivered in the bankruptcy were not somehow utilized in the arbitration, absent guidance from the arbitration panel.

2. On October 17, 2023, the Court issued its *Memorandum Decision on (1) Motion to Compel Cohen Dowd Quigley, P.C. to Turn Over Debtor's Legal Records and for Sanctions and (2) Motion to Compel Bruce A. Leslie, Chtd. And Bruce A. Leslie, Esquire to Turn Over Debtor's Legal Records, for Sanctions and for Other Relief* [ECF 1057] (the "**Decision on CDQ and Leslie**").

3. On October 18, 2023, the Court issued its *Order on (1) Motion to Compel Cohen Dowd Quigley, P.C. to Turn Over Debtor's Legal Records and for Sanctions* [ECF 1060] (the "**CDQ Order**") *and (2) Motion to Compel Bruce A. Leslie, Chtd. And Bruce A. Leslie, Esquire to Turn Over Debtor's Legal Records, for Sanctions and for Other Relief* [ECF 1059] (the

"**Leslie Order**").

4. On October 20, 2023, the Court issued its Amended Memorandum Decision on Motions for Summary Judgment [PB AECF No. 173] ("**Decision on PB**") and Order on Motions for Summary Judgment [PB AECF No. 174] ("**PB Order**").

5. Pisanelli Bice PLLC ("PB") identified the contents of Bucket "4" back on November 19, 2021 in a privilege log disclosure letter. The letter, in pertinent part (the letter and Exhibit 4) are attached hereto as **Exhibit "2"**.

6. Pursuant to Nevada State Law, the Court found, "that the file amassed by an attorney in representing a client belongs to the client." Decision on CDQ and Leslie, page 12 and Decision on PB, page 21. The ownership of the legal records is vested in Fresh Mix pursuant to state law, specifically NRS 7.055. (The law firms are required to maintain the client legal records pursuant to rules of professional conduct, including RPC 1.16.)

**B. Protective Orders**

7. On October 17, 2023, the Court issued the Protective Order [ECF No. 1058].

8. On October 29, 2023, GFSI, through its prior counsel, Schwartz Law, sought clarification of the Protective Order.

9. At the time of the clarification hearing on November 8, 2023, the Court noted that the Arbitration Panel fully understood the Protective Order when it ordered GFSI to surrender to Fresh Mix, the records the Bankruptcy Court ordered the law firms to surrender to the Estate of Fresh Mix.

10. On November 15, 2023, the Court issued its Order Clarifying the Protective



Stern&Eisenberg ATTORNEYS AT LAW

Stern&Eisenberg ATTORNEYS AT LAW

Order. [ECF No. 1114]. All of the provisions of the Protective Order remained in effect, subject to the clarifications made by the Court.

11. The Protective Order at paragraph 33 provides:

> *The Trustee may not disclose Privileged Information obtained in the Debtor's Bankruptcy Case, including as rebuttal evidence, to any parties* ***without either the express written permission of Get Fresh****…*

**C. GFSI Parties Settle, Waive Privilege and Agree to Cooperate with Fresh Mix**

12. On November 28, 2023, GFSI, Lagudi, Ponder and Fresh Mix and the Trustee advised the Court that a settlement in principle had been obtained with regard to the underlying arbitration proceeding and state court matter [ECF No. 1134].

13. The material terms of the settlement were disclosed to this Court in the Joint Motion to Approve Settlement that was filed on January 3, 2024 and later withdrawn. As disclosed to this Court, Lagudi and Ponder are now the only owners of Fresh Mix. See ECF No. 1142.

14. As was confirmed by GFSI Counsel in emails to PB, CDQ and Leslie, the settlement, in pertinent part, provides that GFSI, Caldara, Goldberg and Wise waive any right to claim attorney-client privilege as to any request made by Fresh Mix for legal records from PB, CDQ and/or Leslie concerning legal records from 3/23/2018 through 9/18/2022 regarding or in any way relating to the State Court action, Arbitration, Bankruptcy and/or Adversary. See Lagudi Declaration.

15. At the November 8, 2023 hearing, PB Counsel told this Court, "…*We produced everything as required on Monday, November 6th to* <u>*simultaneously to Get Fresh's counsel*</u> *and the trustee's counsel.*" Page 53:25-54:1-2.

16. Although PB clearly delineated the contents of Fresh Mix's legal records, Bucket 4, in their log, when they produced the files, they did so as a stream of 115,789 pages. See Jason Hicks Letter attached as **Exhibit "3"**, top of page 2.

17. To the extent there is any uncertainty as to what is in the Trustee's possession, it belongs to Fresh Mix and any concern regarding the content is irrelevant. As acknowledged by Counsel for GFSI (and other non-parties to the bankruptcy), GFSI has no objection/defense to surrender of any of the legal records contents from 3/23/2018 through 9/18/2022 related to the State Court, Arbitration, Bankruptcy or Adversary proceedings. See email from Jason Hicks dated February 27, 2024 attached as **Exhibit "4"** (Fresh Mix does note that this email concerns the Fresh Mix CDQ legal records, however the GFSI position relates to a waiver provision related to PB, CDQ and Leslie, therefore it is believed that the GFSI position will be identical.)

18. Further, GFSI, Caldara, Goldberg and Wise ("GFSI Parties") agreed to fully cooperate with any reasonable requests made by Fresh Mix for the legal records.

19. By the terms of the settlement, the GFSI Parties (in the same paragraph applicable to CDQ, PB and Leslie) agreed to waiver and surrender of legal records far greater than the scope of Fresh Mix legal records that were turned over to the Trustee. The settlement provides for waiver for all records regarding the State Court, Arbitration, Bankruptcy and Adversary in possession of PB, CDQ, Leslie (and in another provision, Schwartz Law) from March 23, 2018 through September 18, 2022.

**D. Dismissal and Fresh Mix Assets**

20. On January 22, 2024, this Court entered an Order dismissing the instant bankruptcy as an abuse of process. [ECF No. 1170]. The Order provided for the Trustee to



Stern&Eisenberg ATTORNEYS AT LAW

retain funds on hand with the Trustee. The dismissal order did not provide any direction as to what to do with Fresh Mix's other assets in possession of the Trustee, specifically its legal records.

21. On February 7, 2024, PB through Greene Infuso, without notice to nor permission from to Fresh Mix, emailed the Trustee and GFSI Counsel, asking for Fresh Mix's legal records to be turned over to Greene Infuso. See Lagudi Declaration.

22. Although this Court's Decisions, as well as State Law, are clear that ownership of the legal records is vested in Fresh Mix (as well the law firms have an ethical duty to maintain copies of Fresh Mix's legal records), on February 20, 2024, PB threatened the Chapter 7 Trustee with possible conversion claims if the Trustee gave Fresh Mix's legal records to anyone (arguably Greene Infuso seeks to continue to interfere with Fresh Mix's legal rights to its own files). See Lagudi Declaration.

23. Although PB counsel demanded immediate turnover of Fresh Mix's records, PB counsel would not agree to expedited consideration, nor would CDQ's counsel, nor would GFSI's counsel; absent consent, Fresh Mix counsel does not have justification for expedited consideration of the disposition of Fresh Mix assets (legal records) in possession of the Trustee.

24. Fresh Mix did not authorize PB, nor any other prior counsel, to ask for Fresh Mix's legal records from the Trustee; rather, Fresh Mix wants the records it owns.

25. CDQ's counsel has refused to provide guidance to the Trustee as to whether or not CDQ will continue to refuse to honor its legal and ethical duties to Fresh Mix. See **Exhibit "5"**. CDQ's position was taken before it learned that GFSI would not condone its conduct however as of the filing of this Motion CDQ's counsel has not provided any further guidance.



Stern&Eisenberg ATTORNEYS AT LAW

Stern&Eisenberg ATTORNEYS AT LAW

26. Attached as **Exhibit "6"** is the email to PB Counsel from the Trustee's General Counsel. As well, General Counsel provided guidance to CDQ counsel on February 23, 2024, Exhibit 4, page 3.

27. PB, CDQ and Leslie have no grounds nor bases to oppose Fresh Mix's request for its legal records currently with the Trustee.

28. As a result of Greene Infuso's threat to the Trustee, the Trustee has asked for an order from this Court directing the disposition of Fresh Mix's assets, other than money, in the possession of the Trustee.

29. Since prior counsel for CDQ and Leslie have yet to agree to Fresh Mix getting its legal records back, this motion is brought against PB, CDQ and Leslie.

## II. <u>ARGUMENT</u>

30. Section 105(a) expressly authorizes the Court to enter any order, process, or judgment that is necessary to carry out the provisions of the Bankruptcy Code, in addition to the Court's inherent and equitable powers to interpret its own orders. See 11 U.S.C. §105(a). Moreover, the Court, in the Protective Order, specifically retained jurisdiction regarding the Protective Order which addressed the use and disposition of Fresh Mix's legal records.

31. It would be against the principals of equity to deprive Fresh Mix of its legal records (assets) in the possession of the Trustee in favor of Fresh Mix's prior counsel who it is alleged has acted negligently or intentionally in breaching their duties to Fresh Mix.

32. At the commencement of the bankruptcy Fresh Mix was entitled to its legal records. As the Court ruled in its Memorandum Opinions, the legal records were vested in/owned by Fresh Mix, LLC. Vesting of the property refers to who owns the property. See

Stern&Eisenberg ATTORNEYS AT LAW

*Castleman v. Burman*, 75 F.4th 1052, 1061 (9th Cir. 2023). Fresh Mix owns its legal records pursuant to state law. See Decision on PB. See also NRS 7.055.

33. At the outset of the bankruptcy, the Fresh Mix legal records were vested in, property of and were owned by Fresh Mix. Fresh Mix prior counsel were holding legal records belonging to Fresh Mix due to their legal (NRS 7.055) and ethical (RPC 1.16) duties to Fresh Mix. Pursuant to Nevada State Law and applicable rules of professional conduct, the prior counsel are required to maintain Fresh Mix's records, in a custodial capacity for 7 years after conclusion of the representation.

34. PB, CDQ and Leslie have an ongoing duty to maintain their copies of Fresh Mix's legal records to this date and they still retain a full copy of those records, whether in paper or electronic format pursuant to their fiduciary duties.

35. GFSI has consented to turnover of the legal records to Fresh Mix (See Protective Order paragraph 33), and GFSI is required to cooperate pursuant to the terms of the settlement agreement, the Trustee and Fresh Mix have been placed in an awkward position due to the continuing misconduct of PB. To the extent PB's latest actions constitute a breach of the decision rendered pursuant to NRS 7.055(2), then Fresh Mix seeks the imposition of counsel fees.

36. PB has a fiduciary duty and ethical duty (NRS 7.055 and RPC 1.16, respectively) to keep Fresh Mix's records safe, i.e. holding the safety deposit box with the contents belonging to Fresh Mix. PB's demands and threats that Fresh Mix not get the contents belonging to it makes no equitable nor legal sense. It would be inequitable for the Court to require the Trustee to turn over Fresh Mix's legal records to anyone other than Fresh Mix.

Stern&Eisenberg ATTORNEYS AT LAW

37. PB's threats trying to block its own prior client from getting its own legal records is the only impediment to the Trustee returned the legal records assets belonging to Fresh Mix.

38. To the extent, PB's, or any other prior counsel of Fresh Mix opposing this request, position(s) constitutes a breach of BRP 9011 or 28 U.S.C. 1927 or otherwise justifies the imposition of sanctions, Fresh Mix seeks sanctions.

## III. CONCLUSION

39. Fresh Mix seeks an order clarifying the disposition of Fresh Mix's legal records assets in the possession of the Trustee and allowing the Trustee to turn over the Fresh Mix legal records to Fresh Mix. Fresh Mix also requests the imposition of sanctions as may be appropriate against PB under the circumstances (and reserves its rights as to CDQ and Leslie dependent upon their cooperation).

Dated: February 28, 2024.

/s/Steven K. Eisenberg, Esquire
Steven K. Eisenberg, Esq.
Stern & Eisenberg, PC
1581 Main Street, Suite 200
Warrington, Pennsylvania 18976
*Counsel for Fresh Mix LLC*
*Admitted Pro Hac Vice*

Local Counsel:

Matthew Sharp, Esq.
Matthew L. Sharp, Ltd.
Nevada Bar No. 4746
432 Ridge St.
Reno, NV 89502
matt@mattsharplaw.com