James D. Greene, Esq.
Nevada Bar No. 2647
Michael V. Infuso, Esq.
Nevada Bar No. 7388
Keith W. Barlow, Esq.
Nevada Bar No. 12689
**GREENE INFUSO, LLP**
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146
Telephone: (702) 570-6000
Facsimile: (702) 463-8401
Email: *jgreene@greeneinfusolaw.com*
*minfuso@greeneinfusolaw.com*
*kbarlow@greeneinfuoslaw.com*

*E-Filed: March 21, 2024*

Attorneys for Interested Party Pisanelli Bice, PLLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>FRESH MIX LLC,<br><br>Debtor. | Case No BK-S-20-12051-GS<br><br>Chapter 7<br><br>**OPPOSITION TO MOTION AUTHORIZING THE CHAPTER 7 TRUSTEE TO TURNOVER FRESH MIX LEGAL RECORDS SURRENDERED BY PISANELLI BICE. PLLC, COHEN DOWD QUIGLEY, PC AND BRUCE A. LESLIE, CHTD. TO FRESH MIX LLC PURSUANT TO DISMISSAL OF CHAPTER 7 PROCEEDING FOR ABUSE OF PROCESS**<br><br>**Date: April 4, 2024**<br>**Time: 1:30 p.m.** |

Pisanelli Bice, PLLC ("PB"), by and through its counsel, Greene Infuso, LLP, hereby files its Opposition to the Motion Authorizing Chapter 7 Trustee to Turnover Fresh Mix Legal Records Surrendered by Pisanelli Bice, PLLC, Cohen Dowd Quigley, PC and Bruce A. Leslie, Chtd. to Fresh Mix, LLC Pursuant to Dismissal of Chapter 7 Proceeding for Abuse of Process ("Motion") filed by former debtor Fresh Mix, LLC. This Opposition is made and based on the attached Points and Authorities, the arguments of counsel at the hearing on this Motion and all the pleadings and papers on file herein.



GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

## POINTS AND AUTHORITIES

***Introduction***

As this Court is aware, the Fresh Mix bankruptcy case had a torturous history which ended (with one very limited exception) on January 22, 2024, when the Court entered its Order Dismissing Chapter 7 Case ("Dismissal Order"). ECF 1170. The Dismissal Order specifically states that "the bankruptcy case of FRESH MIX LLC (Case No. 20-12051-GS) is ***immediately DISMISSED with prejudice*** . . . ." ECF 1170, page 2, lines 1-2. The Dismissal Order reserved jurisdiction for only two things: "[T]o evaluate claims against, and to order distribution of, any undistributed funds currently held by the Trustee . . . ." ECF 1170, page 2, lines 9-11. The Dismissal Order makes no reference to reservation of jurisdiction over any other matters.

The Dismissal Order was entered on the docket on January 22, 2024, and no appeal from the Order was filed. The Dismissal Order is final and non-appealable. In addition, any time period for a party to seek to alter or amend the Dismissal Order has expired. *See* Fed. R. Bankr. P. 9023. As discussed below, this Court therefore lacks jurisdiction to adjudicate any matters in this case, including the instant Motion. Even if the Court had jurisdiction to resolve the instant Motion (which it does not), the turnover orders and judgment upon which the Motion relies have been vacated as a matter of law and are of no force or effect. Indeed, PB's appeal of the order on which Fresh Mix seeks to rely was dismissed as a result of dismissal and the vacated orders. As such, contrary to the claims in the Motion, there has been no resolution of the dispute between PB and Fresh Mix regarding the ownership of certain documents contained in PB's records ("Disputed Records"). For these reasons, the Motion must be denied.

Moreover, on February 27, 2024 (one day *before* the instant Motion was filed), Fresh Mix filed a lawsuit against PB, two of its partners and multiple other law firms and individual attorneys in the United States District Court for the District of Nevada ("Fresh Mix Lawsuit"). *Fresh Mix, LLC v. Pisanelli Bice, PLLC, et al.*, Case No. 2:24-cv-00397.[1] The complaint in the Fresh Mix Lawsuit alleges claims for legal malpractice, civil RICO, monetary damages under 11 U.S.C. §

[1] With a recent amendment to the complaint, Fresh Mix also named a former PB associate attorney, as well as an associate of one of the other law firm defendants.

GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

303(i), and various sanctions related to this bankruptcy proceeding pursuant to 28 U.S.C. § 1927 and FRBP 9011. A copy of the complaint commencing the Fresh Mix Lawsuit is attached hereto as Exhibit A, and the recent amendment is attached hereto as Exhibit B. It is therefore clear that Fresh Mix does not need the disputed records over which this Court no longer has jurisdiction to evaluate "potential" claims against PB and the other Fresh Mix Lawsuit defendants. (Three of the law six firms named in the Fresh Mix Lawsuit represented both Fresh Mix and GFSI in pre-bankruptcy state court litigation matters. Herein they will be collectively referred to collectively as the "Law Firms".) In addition, given that Fresh Mix has commenced litigation in the U.S. District Court in Nevada, Fresh Mix can seek discovery of the disputed records to the extent Fresh Mix pleaded viable claims that can survive a motion to dismiss in that action (and it has not). The instant Motion must be denied.

## ARGUMENT

***Factual Background***

The Fresh Mix bankruptcy case was commenced on April 23, 2020, as an involuntary chapter 7 case by GFSI, the majority owner of debtor Fresh Mix, LLC. GFSI was embroiled in pre-petition litigation with the minority owners of Fresh Mix regarding the ownership and management of the Debtor. Lenard Schwartzer was appointed Chapter 7 Trustee and issued two status reports concerning the Fresh Mix case. ECF 80 and 99. On or about August 11, 2020, the Court (Judge Bruce Beesley at that time) entered an Order for Relief. ECF 146.

Thereafter, the Trustee demanded that the Law Firms turn over their entire legal files relating to their representation of Fresh Mix. Almost immediately, GFSI asserted that parts of the Law Firm files were subject to its claims of attorney-client privilege. In addition, PB asserted a claim to ownership of some of the Legal Records based on the terms of its engagement letter with Fresh Mix and GFSI (a claim supported by both Nevada law and published advice of Nevada Bar Counsel). In furtherance of obtaining the Legal Records, the Trustee filed motions for turnover of the Legal Records against each of the Law Firms (ECF 263) and later filed an adversary proceeding against PB. ECF 452. Pursuant to an interim order issued by the Court regarding the PB turnover motion, PB created a list of four categories of documents in its files, including documents over

GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

which GFSI asserted claims of privilege, and documents that PB contended were owned by it pursuant to the contractual terms of the engagement letter.

After more than two years, the Court granted the relief sought by the Trustee in September 2023. Adv. ECF 173 and 174; ECF 1057 and 1058. Each of the Law Firms filed notices of appeal of the Court's orders relating to the turnover matters. It is important to note that throughout the turnover proceedings, the Trustee repeatedly claimed that gaining access to the Law Firms' entire Legal Files was critical to his administration of the estate and even asserted an arbitrary and unexplained deadline for receipt of the files in mid-October 2023. In particular, the Trustee asserted that he needed the Disputed Documents to evaluate potential claims against the Law Firms for malpractice or other forms of wrongdoing.

During the course of the case, the Court repeatedly expressed concerns about whether the Trustee's efforts to obtain the Legal Files was actually an effort by the Trustee to help the minority owners of the Debtor in pending state court litigation matters. As a result, in conjunction with the Court granting the Trustee turnover relief pursuant to Bankruptcy Code section 542, the Court also entered a protective order regarding the use of the Legal Files. ECF 1058. The Court later entered an order clarifying the Protective Order, ECF 1114, which reaffirmed that the minority members' counsel, the very counsel prosecuting the present Motion, was not entitled to access the Legal Files.

Subsequently, the Court issued an Order to Show Cause why the Fresh Mix bankruptcy case should not be dismissed because the case served no legitimate bankruptcy purpose ("OSC") and set a hearing on the OSC on November 30, 2023. ECF 1118. With the threat of dismissal looming, GFSI filed a Notice of Settlement less than 48 hours before the hearing on the OSC. ECF 1134. At the hearing on the OSC, counsel for EITE, the holder of a claim that had been disallowed by this Court stated that a "confidential" settlement had been reached between and among the Trustee and the other Settling Parties (not including PB or the other pre-petition Law Firms) which was in the process of being documented. The Court set a status hearing in the case for January 11, 2024, at 9:30 a.m., and held additional status hearings concerning the OSC on January 12, 2024, and January 19, 2024.

GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

On January 22, 2024, the Court entered an order dismissing the case ("Dismissal Order"). ECF 1170. In the Dismissal Order, the Court dismissed the case with prejudice "immediately" for abuse of process. ECF 1170, page 2, lines 1-2. The Court retained jurisdiction over just two discrete issues: potential additional claims that might be asserted by the Law Firms to remaining estate funds held by the Trustee; and the distribution of the remaining estate funds. ECF 1170, page 2, lines 9-13.

Under the very few terms of the confidential settlement agreement that have been disclosed, the former minority owners of Fresh Mix (Paul Lagudi and William Todd Ponder) became the sole owners of the non-debtor Fresh Mix. The settling parties also made clear that, post-dismissal, Fresh Mix would own all assets of the Fresh Mix bankruptcy estate, specifically including any litigation claim against third parties. ECF 1142, page 7, lines 11-13.

On February 27, 2024, Fresh Mix commenced the Fresh Mix Lawsuit asserting claims it long threatened, and then some. *See* Exhibits A and B hereto. Clearly, therefore, Fresh Mix no longer needs the Disputed Records to assess whether to pursue such claims. Yet, the very next day, Fresh Mix filed the instant Motion seeking an order from this Court (which no longer has jurisdiction over the non-existent Fresh Mix bankruptcy estate, the Trustee, or the Disputed Records), authorizing the Trustee to turn over the Disputed Records to Fresh Mix. For the following reason, the Motion must be denied.

***Legal Argument***

*The Court Lacks Jurisdiction to Adjudicate The Instant Motion*

Bankruptcy courts, like all federal courts, are courts of limited jurisdiction. Federal courts can only exercise authority over matters for which Congress has granted them statutory jurisdiction. Here, this Court has no jurisdiction to grant the non-debtor Fresh Mix the relief it seeks herein or even to consider this Motion.

The Court here entered the Dismissal Order on January 22, 2024, in which it "immediately" dismissed the Fresh Mix case. ECF 1170. The Dismissal Order was entered at the urging and with the approval of the various "settling parties", including Fresh Mix. The Court retained very limited jurisdiction to resolve any administrative claims the Law Firms might file and to order disbursement

GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

of remaining estate funds. ECF 1170, page 2, lines 9-11. The Court did not retain jurisdiction over any other matters pertaining to the Fresh Mix case, including resolution of disputes over the Law Firm files, which dispute (at least as between non-debtor Fresh Mix and PB) concerning PB's contractual claim to ownership of certain parts of the files remained and remains unresolved. Indeed, none of the settling parties, including Fresh Mix, requested that the Court retain jurisdiction over any other matters. The simple fact is this Court has no jurisdiction to consider this Motion and no authority to order the former Trustee of the former estate to do anything with the Disputed Records that were turned over to him based on the Court's (now vacated) turnover judgment, which was on appeal until this Court's Dismissal Order resulted in the appeal's dismissal before adjudication.

*The Ownership Dispute Between Fresh Mix and PB Remains Unresolved*

On October 20, 2023, the Court issued its Order on cross-motions for summary judgment, thereby requiring PB to turnover all of the Disputed Records in (what was referred to during the Fresh Mix case as "Bucket 4"). The Court also issued a protective order relating to the disputed documents and a subsequent order clarifying the protective order. ECF 1058 and 1114. PB complied with the Court's order by turning over the disputed documents in electronic form to the Trustee.[2] Because at that time GFSI was still asserting claims of attorney-client privilege as to at least some of the Disputed Records and GFSI had stated its intent to and did file an appeal of the turnover orders and judgment, PB also turned over the Disputed Records to GFSI. PB would not have turned over any of the Disputed Records (i.e., Bucket 4) absent the Court ordering it to do so.

Thereafter, on November 16, 2023, the Court issued an Order to Show Cause ("OSC") concerning dismissal of the Fresh Mix bankruptcy case and set a hearing on the OSC for November 30, 2023. ECF 1118. Just before the OSC hearing, a notice of settlement was filed indicating a settlement had been reached between and among various parties, excluding the Law Firms. ECF

---

[2] PB had previously deposited the documents in Buckets 1-3 with the Clerk of the Bankruptcy Court after this Court granted PB's motion to do so over the Trustee's opposition. Whatever the disputes were between GFSI and Lagudi/Ponder related to the documents, only Bucket 4 was at issue between PB and the Trustee on the issue of ownership per the terms of the engagement letter entered into by and between PB, GFSI, and Fresh Mix.

1134. The settlement was described as "confidential" and the settlement agreement itself has never been filed with the Court or provided to the Law Firms. However, on January 3, 2024, a motion to approve the confidential settlement was filed describing some select terms of the agreement. Among the described terms was that the Fresh Mix case would be dismissed. ECF 1142, page 5, lines 2-7. This occurred on January 22, 2024. ECF 1170.

Bankruptcy Code section 349 governs the effect of dismissal of a bankruptcy case. Section 349(b)(2) states that "Unless the court for cause orders otherwise, the dismissal of a case . . . vacates any order, judgment or transfer ordered under section 522(i)(1), 542, . . . ." 11 U.S.C. section 349(b)(2). Under the clear, unequivocal language of the Code, the judgment requiring PB to turn over the documents it claims to own has been vacated. As such, the dispute over the ownership of those documents remains unresolved. In that regard, PB was stripped of its right to appeal the Court's order because the order no longer existed. Because of this fact and law, counsel for PB advised the former Trustee (through his counsel) that PB demanded return of the documents that were delivered to the Trustee because of the now-vacated turnover judgment. PB advised the former Trustee that, in the firm's opinion, if the Trustee turned over the Disputed Record to Fresh Mix (or anyone else for that matter) it would be a conversion of PB's property. Contrary to allegations in the instant Motion, PB did not make any threats of legal action against the Trustee. The former Trustee has indicated he will not return the disputed documents to PB, nor will he turn them over to Fresh Mix absent a court order. Although that position is understandable, the order the former Trustee seeks will need to come from a court other than this one, which, as discussed above, has no jurisdiction to issue such an order. Moreover, an order from this Court directing turnover to the movant would at best renew the appellate process, and at worst be a denial of due process.

*Fresh Mix Has a Forum to Seek Resolution of this Matter*

As noted above, Fresh Mix has filed the Fresh Mix Lawsuit in Nevada federal district court against PB, two of its partners, a former associate, and numerous other law firms and certain of their partners, and an associate. As a result, the notion that Fresh Mix needs the Disputed Records to assess or pursue claims against the Law Firms is baseless. Moreover, Fresh Mix has a forum to seek access to the Disputed Records if Fresh Mix's Amended Complaint survives a motion to

GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

dismiss and reaches the discovery process. Given this fact and the fact that this Court clearly lacks jurisdiction to consider the instant Motion, as well as the jurisdictional and appellate complexities that would result from granting the relief requested, the Motion must be denied.

DATED this 21st day of March 2024

**GREENE INFUSO, LLP**

/s/James D. Greene
James D. Greene, Esq., Nevada Bar No. 2647
Michael V. Infuso, Esq., Nevada Bar No. 7388
Keith W. Barlow, Esq., Nevada Bar No. 12689
3030 South Jones Boulevard, Suite 101
Las Vegas, Nevada 89146

Attorneys for Pisanelli Bice, PLLC

GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000

## CERTIFICATE OF SERVICE

I am employed by the law firm of Greene Infuso, LLP in Clark County. I am over the age of 18 and not a party to this action. My business address is 3030 South Jones Boulevard, Suite 101, Las Vegas, Nevada 89146.

On March 21, 2024 I served the document(s), described as: **OPPOSITION TO MOTION AUTHORIZING THE CHAPTER 7 TRUSTEE TO TURNOVER FRESH MIX LEGAL RECORDS SURRENDERED BY PISANELLI BICE. PLLC, COHEN DOWD QUIGLEY, PC AND BRUCE A. LESLIE, CHTD. TO FRESH MIX LLC PURSUANT TO DISMISSAL OF CHAPTER 7 PROCEEDING FOR ABUSE OF PROCESS**

☒ by placing the ☐ original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

☐ a. ECF System *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

☒ b. BY U.S. MAIL. I deposited such envelope in the mail at Las Vegas, Nevada. The envelope(s) were mailed with postage thereon fully prepaid.

FOX, IMES & CROSBY, LLC
601 South 10th Street, Suite 202
Las Vegas, Nevada 89101

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive Suite 600
Las Vegas, Nevada 89135

MCDONALD CARANO, LLP
2300 West Sahara Ave. Suite 1200
Las Vegas, Nevada 89102

HOLLEY DRIGGS
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

SCHWARTZ LAW, PLLC
601 E. Bridger Avenue
Las Vegas, Nevad 89101

ANDERSEN & BEEDE
3199 E. Warm Springs Rd Ste 400
Las Vegas, Nevada 89120

STERN & EISENBERG
Steven K. Eisenberg, Esq.
1581 Main Street #200
Warrington, PA 18976

Olson, Cannon Gormley & Stoberski
Felicia Galati, Esq.
9950 w. Cheyenne Ave.
Las Vegas, Nevada 89129

I am readily familiar with Greene Infuso, LLP.'s practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on

motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ c. BY PERSONAL SERVICE.

☐ d. BY DIRECT EMAIL

☐ e. BY FACSIMILE TRANSMISSION

I declare under penalty of perjury that the foregoing is true and correct.

Dated, this 21st day of March 2024.

/s/Frances M. Ritchie
An employee of Greene Infuso, LLP

GREENE INFUSO, LLP
3030 South Jones Blvd., Suite 101
Las Vegas, Nevada 89146
(702) 570-6000